ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Aug-09  16:14:14
60CV-19-5722
C06D09 : 20 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

**KIMBERLEAN HUBBARD**                                        **PLAINTIFF**

v.                          **CASE NO. _____**

**SHELTER INSURANCE COMPANY**                          **DEFENDANT**

---

## CLASS ACTION COMPLAINT

---

### I. INTRODUCTION

1.      Kimberlean Hubbard was driving a 2016 Dodge Charger SE that was involved in an accident. Hubbard insured the vehicle with Shelter Insurance Company ("Shelter"). Shelter declared the vehicle a total loss and valued the vehicle at $24,906 using a CCC One Market Valuation Report ("CCC One Report"). Shelter uses the CCC One Report in adjusting its total loss claims and presents the report as representing the actual cash value of its insured's vehicles. The CCC One Report, however, systematically undervalues Shelter's insureds' vehicles, resulting in a payment of less than

**EXHIBIT 1**

the actual cash value for all total loss claims, saving Shelter millions of dollars each year at the expense of its insureds.

2.      Shelter's use of the CCC One Report to value total loss claims violates its contracts with its insureds and Arkansas law. Shelter is required to calculate actual cash value through either: (a) the cost of a specific, comparable replacement automobile, or (b) using one of two or more quotations obtained from two or more qualified dealers or appraisal services located within the local market area. Instead of following Arkansas law Shelter uses the CCC One Report to cheat its policyholders and increase its profits. Hubbard brings this suit on behalf of herself and others similarly situated to recover the difference between the actual cash value of her vehicle and what she was paid, punitive damages, costs, and attorneys' fees. Plaintiff also asks the Court to declare that the use of the CCC One Report to adjust first-party insurance claims violates Arkansas law and to permanently enjoin its use.

## II. PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff Kimberlean Hubbard is a resident and citizen of Pulaski County, Arkansas. At all times relevant to this Complaint, she had a motor vehicle insurance policy with Shelter and had a total-loss claim.

4.      Defendant Shelter Insurance Company is incorporated and has its principal place of business in Missouri. It is licensed and regularly conducts business in Arkansas and its registered agent for service is the Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring St., Little Rock, AR 72201.

5.      This Court has subject matter jurisdiction pursuant to Ark. Const. amend. 80, § 6 and Ark. Code Ann. § 16-13-201.

6.      Venue is proper in this Court because Plaintiff resided in Pulaski County at the time of the events which gave rise to this cause of action, and the accident occurred in the same. Ark. Code Ann. § 16-60-101.

### III. FACTUAL ALLEGATIONS

7.      In July of 2016, Hubbard was driving a 2016 Dodge Charger SE and was involved in a motor vehicle accident which resulted in substantial damage to her vehicle. Hubbard had an insurance policy with Shelter and submitted a claim to her insurer and received an estimate on or about July 15, 2016.

8.      Upon information and belief, Hubbard's insurance policy with Shelter contained a clause providing for the adjustment and settlement of total loss claims based on actual cash value. Upon information and belief,

this is Shelter's standard automobile insurance policy issued to insureds in the State of Arkansas.

9.    Hubbard has been unable to locate a copy of her policy to attach to this Complaint and Shelter did not respond to her request for a copy of her policy. Good cause exists for Hubbard not to attach a copy of her policy to the Complaint because Shelter has a copy of the policy, and Hubbard can obtain a copy in discovery.

10.    Shelter used a report from a third-party corporation, CCC Information Services, Inc, known as a CCC One Report to adjust Hubbard's claim. CCC Information Services, Inc. sells automobile valuation information primarily to insurance companies for settling total loss vehicle claims. The CCC One Report is sold almost solely to insurance companies, and it is marketed as reducing the costs of total value settlements. Upon information and belief, Shelter uses the CCC One Report to calculate its offers of all total loss claims.

11.    Shelter presented the CCC One Report to Hubbard as representing the "actual cash value" of the vehicle, and, based on the CCC One Report, Shelter paid $26,601.14 to adjust the claim. *See* CCC One Report,

attached as Exhibit "A." Plaintiff's vehicle, however, was worth more than shown on the CCC One Report.

12.    Hubbard's vehicle had only 5,494 miles on it at the time it was totaled and was basically new. A new Dodge Charger SE had a Manufacturer's Suggested Retail Price of $27,995.00, but this did not include options that Hubbard's car had, such as a rear spoiler and 20" wheels, which would have increased the value of the car. The Manufacturers Suggested Retail Price ("MSRP") of the trim package including the spoiler and 20-inch wheels was $1,195.00.

13.    The CCC One Report systematically undervalues vehicles by making a series of arbitrary and unexplained adjustments to the vehicles contained in the report. For instance, the CCC One Report bases its estimate on vehicles listed for sale, but not "in the local area." In the CCC One Report, two of the vehicles were over 120 miles away from the insured's home. These are not "in the local market area."

14.    In addition, the CCC One Report illogically deducts from a comparable vehicle's list price when the comparable vehicle has an option or feature that is not present in the loss vehicle. The deduction is made even

in cases where the loss vehicle has options that are more valuable than comparable vehicle's options.

15.    To illustrate, the CCC One report deducted $180.00 from the list price of the "Comp 1" vehicle for options, meaning that the CCC One Report consider the options worth $180 than the options on Hubbard's vehicle. The MSRP of the options on the Comp 1 vehicle, however, is $500.00 less than the options on Hubbard's vehicle.

16.    Despite Hubbard having the more valuable package, the CCC One Report failed to give Hubbard credit by increasing the value of the "Comp 1" vehicle's options. Instead it lowered the comparable vehicle's list price, essentially penalizing Hubbard for having the more valuable option package.

17.    Shelter knows that the CCC One Report undervalues vehicles. Despite knowing that the CCC One Report undervalues vehicles, Shelter continues to use it to determine the amount to pay claimants.

18.    Hubbard relied on Shelter's representation about the actual cash value of her vehicle, and she was misled by Shelter's representations.

19.    Arkansas law requires that Shelter, when adjusting or settling first party automobile total losses, either provide a replacement vehicle,

provide a cash settlement based on a specific replacement vehicle if one is available in the local market area, or use "one (1) of two (2) or more quotations obtained by the insurer from two (2) or more qualified dealers or appraisal services located within the local market area when a comparable automobile is not located in the local market area." Ark. Ins. Regulation 43, § 10(a)(2). If the insurer deviates from one of those methods, the deviation must be supported by documentation giving particulars of the automobiles condition, and "[a]ny deductions from such cost, including deduction for salvage, must be measurable, discernable, itemized, and specified as to dollar amount and shall be appropriate in amount." Ark. Ins. R. 43, § 10(a)(3). Further, "[t]he basis for such settlement shall be fully explained to the first party claimant." Ark. Ins. R. 43, § 10(a)(3).

20.    CCC Information Services, Inc. is not a qualified dealer or appraisal service located in Pulaski County, Arkansas. While CCC Information Services, Inc. is registered with the Arkansas Secretary of State to do business in Arkansas, it does not maintain any offices in the state of Arkansas.

21.    Shelter did not provide documentation about why it needed to deviate from one of the two approved methods for Hubbard's vehicle, and

there was nothing unique about Hubbard's vehicle that would justify deviating from the methods approved under Arkansas law.

22.     Shelter knows or should know that using the CCC One Report to determine actual cash value violates Arkansas law. Despite knowing that the practice is unlawful, Shelter uses the practices because it saves Shelter millions of dollars. Shelter can achieve this savings because the cost of obtaining an appraisal and litigating the value of a property damage claim exceeds the difference in value between the CCC One Report and the actual cash value of the vehicle.

### IV. CLASS ACTION ALLEGATIONS

23.     Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

24.     Plaintiff brings this as a class action under Rule 23 of the *Arkansas Rules of Civil Procedure*.

25.     Members of the putative class are so numerous that joinder of all such members is impracticable. The exact size of the putative class is unknown but may be easily determined from records maintained by Shelter.

26.    There are common questions of law and fact applicable to the putative class with respect to liability, relief, and anticipated affirmative defenses. Common questions of law and fact include:

a.    Whether Shelter has a practice of using the CCC One Report to determine actual cash value;

b.    Whether Regulation § 43, § 10 is incorporated into the terms of Shelter's automobile insurance policies;

c.    Whether Shelter's practices violated Regulation 43, § 10;

d.    Whether CCC Information Services, Inc. is a qualified dealer or appraiser in the local market area; and

e.    By what percentage does CCC Information Services, Inc. systematically undervalue cars vis a vis their actual cash value.

27.    Plaintiff's claims are typical of the putative class. Like all other putative class members, Plaintiff had a total loss automobile claim that was adjusted using the CCC One Report.

28.     Plaintiff will fairly and adequately protect the interest of the putative class. She has no conflicts with putative class members and has suffered the same injury as members of the putative class.

29.     Plaintiff's counsel possesses the requisite resources and experience in class action litigation to adequately represent Plaintiff and the putative class in prosecuting the claims here.

30.     The questions of law and fact common to Plaintiff and members of the putative class predominate over any question affecting only individual class members. These common questions concerning Shelter's wrongdoing must be resolved for all class members.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Shelter engages in a common business practice of using the CCC One Report to adjust total loss claims, which is alleged to violate Arkansas law, and it is not unfair to require Shelter to litigate its business practice on a class-wide basis. Moreover, Class members' individual damage claims are too small to make individual litigation an economically viable alternative. But despite the small size of any one individual's claims standing alone, the aggregate value of the practice is substantial.

32.    Plaintiff's class claims are appropriate to proceed under the Arkansas Deceptive Trade Practices Act. Act 986 of 2017 – which purports to prohibit most private class actions under the Act – is an unconstitutional intrusion into the Arkansas Supreme Court's exclusive authority to "prescribe the rules of pleading, practice and procedure for all courts." Ark. Const. Amend. 80, § 3; *see also Johnson v. Rockwell Automation*, 2009 Ark. 241, 308 S.W.3d 135 (holding two provisions of Arkansas Civil Justice Reform Act were unconstitutional); *Summerville v. Thrower*, 369 Ark. 231, 253 S.W.3d 415 (2007) (holding statute requiring reasonable cause affidavit was unconstitutional); *Weidrick v. Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992) (holding statute requiring 60-day notice before filing medical malpractice claim was unconstitutional).

## V. CAUSES OF ACTION
### COUNT I: ARKANSAS DECEPTIVE TRADE PRACTICES ACT

33.    Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

34.    Arkansas law requires that an insurer adjust total loss automobile claims by providing the insured with enough money to purchase a specific comparable replacement vehicle in the local market area, or, if no

comparable vehicle is available, using one of two or more quotations from a local dealer or appraiser. Ark. Ins. R. 43, § 10.

35.     Shelter adjusts total loss automobile claims by relying on the CCC One Report, even though CCC Information Services, Inc. is not a local dealer or appraiser and even though the report does not provide the insured with sufficient funds to purchase a comparable replacement automobile.

36.     Shelter engaged in an unconscionable, false, or deceptive act or practice in business, commerce, or trade when it used the CCC One Report to adjust Plaintiff's total loss claim. Shelter also used the same unconscionable, false, or deceptive act or practice in using the CCC One Report to adjust all of its total loss claims in Arkansas. *See* Ark. Code Ann. § 4-88-107(a)(10); *See also* Ark. Ins. R. 43 § 1 (expressly providing that violations of the Insurance Department's regulations regarding unfair claims settlement practices "constitute an unfair or deceptive act or practice in business of insurance.").

37.     Shelter presented the CCC One Report as representing the actual cash value of their vehicles and Hubbard and putative class members justifiably relied on Shelter's representation about the actual cash value of

the vehicle. Shelter misled Hubbard and the putative class members by using the CCC One Report.

38.    Defendant's conduct proximately caused damage to Plaintiff and putative class members. Plaintiff and putative class members seek compensatory damages in an amount equal to the difference between the amount paid to them to adjust total loss claims and the actual cash value of their vehicle computed as required by Arkansas law.

39.    Shelter knew or ought to have known that their conduct would result in injury to Plaintiff and putative class members and it continued in such conduct in reckless disregard of the consequences. As a result, Plaintiff and putative class members are entitled to punitive damages.

40.    Plaintiff and the putative class members are entitled to an award of attorneys' fees, costs, and expenses in bringing their Deceptive Trade Practices Act claim.

## COUNT II: FRAUD IN THE INDUCEMENT

41.    Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

42.     Shelter falsely represented that the amount in the CCC One Report represented the actual cash value of Hubbard's automobile. Shelter made the same false representation to every other putative class member.

43.     Shelter knew that its representation was false. First, Shelter knew that Arkansas law requires that an insurer use one of the methods identified in Regulation 43 to determine actual cash value and that the CCC One Report was not a permissible method. Further, Shelter knew that the CCC One Report systematically generated valuations that were lower than the "actual cash value" that would have resulted had it obtained a valuation from a qualified local dealer or appraiser as required by Arkansas law.

44.     Shelter intended to induce and coerce Plaintiff and putative class members into settling their total loss claims for less than they would have if Shelter had complied with Arkansas law and obtained a quotation from a qualified dealer or appraiser located in the local market area.

45.     Plaintiff and putative class members justifiably relied on Shelter's representation about the actual cash value. Indeed, because the misrepresentation goes to a material matter, reliance is presumed. *Manhattan Credit Co. v. Burns*, 230 Ark. 418, 323 S.W.2d 206 (1959) ("[R]eliance is to be presumed when, as here, the misrepresentation goes to a material matter.");

Page **14** of **20**

*Pickering v. Garrison*, 2009 Ark. App. 107, at *13 ("Reliance is presumed when the misrepresentation goes to a material matter.").

46.     Shelter's conduct proximately caused damages. Plaintiff and putative class members suffered damages in an amount equal to the difference between the amount paid to them to adjust their total loss claims and the actual cash value of their vehicle computed as required by Arkansas law.

47.     Defendant knew or ought to have known that its conduct would result in injury to Plaintiff and putative class members and it continued in such conduct in reckless disregard of the consequences. Specifically, Shelter knew that its use of the CCC One Report undervalued its insureds' vehicles, yet it continued to use the CCC One Report because it saved Shelter millions of dollars. As a result, Plaintiff and putative class members are entitled to punitive damages.

## COUNT III: BAD FAITH

48.     Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

49.     Shelter acted in bad faith to avoid liability under its policy issued to Hubbard. Shelter knew that its method of settling total loss claims violated

Page **15** of **20**

Arkansas law and would result in a lower payment to Hubbard than if Shelter would have obtained a quotation from a qualified local dealer or appraiser. Despite this knowledge, Shelter fraudulently presented the CCC One Report to Hubbard as representing the actual cash value of her vehicle.

50.     Shelter did more than merely refuse to pay a claim. Shelter intentionally violated Arkansas law to save itself money at the expense of its insured. Shelter's conduct was dishonest and oppressive and was carried out with a state of mind characterized by contempt for its insureds.

51.     Shelter's conduct proximately caused damages. Plaintiff and putative class members suffered damages in an amount equal to the difference between the amount paid to them to adjust total loss claims and the actual cash value of their vehicle computed as required by Arkansas law.

52.     Defendant knew or ought to have known that their conduct would result in injury to Plaintiff and putative class members and it continued in such conduct in reckless disregard of the consequences. As a result, Plaintiff and putative class members are entitled to punitive damages.

## COUNT IV: BREACH OF CONTRACT

53.     Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

54.     Hubbard and Shelter entered into a contract. Among other things, the policy provides for the adjustment and settlement of total losses based on actual cash value or replacement with another of like kind or quality.

55.     Arkansas law requires that Shelter either provide a replacement vehicle, provide a cash settlement based on a specific replacement vehicle if one is available in the local market area, or use "one (1) of two (2) or more quotations obtained by the insurer from two (2) or more qualified dealers or appraisal services located within the local market area when a comparable automobile is not located in the local market area." Ark. Ins. Regulation 43, § 10(a)(2). If the insurer deviates from this method, it must provide documentation for the deviation, including giving particulars of the automobiles condition, and "[a]ny deductions from such cost, including deduction for salvage, must be measurable, discernable, itemized, and specified as to dollar amount and shall be appropriate in amount." Ark. Ins. R. 43, § 10(a)(3). Further, "[t]he basis for such settlement shall be fully explained to the first party claimant." Ark. Ins. R. 43, § 10(a)(3). The provisions of Ark. Ins. R. 43 are incorporated into the insurance contract as

a matter of law. *See First Sec. Bank v. John Doe 1, 2, & 3*, 297 Ark. 254, 257, 760 S.W.2d 863, 865 (1988).

56.     Hubbard and putative class members did what the contract required of them.

57.     Shelter breached the contracts by using the CCC One Report instead of using the methods required by Arkansas law.

58.     As a result of Shelter's breach of contract, Plaintiff and putative class members suffered damages in an amount equal to the difference between the amount paid to them to adjust total loss claims and the actual cash value of their vehicle computed as required by Arkansas law.

### VI. JURY DEMAND & PRAYER FOR RELIEF

59.     Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

60.     Article 2, § 7 of the Arkansas Constitution provides that "The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy[.]" Further, Article 2, § 13 also guarantees every person a "remedy in the laws for all injuries or wrongs . . .." Plaintiff demands a remedy in the laws for all injuries and wrongs alleged, and a trial by jury on all issues so triable.

61.    WHEREFORE, Plaintiff respectfully requests this Court:

a.    Certify a class defined as:

> All individuals insured by Shelter under a policy issued or effective in Arkansas who: (a) had a total loss claim with Shelter; (b) that received a settlement calculated using CCC One Report; (c) during the period from August 9, 2014 to the present.

b.    Appoint Kimberlean Hubbard as class representative;

c.    Appoint Holleman & Associates, P.A. and the Brad Hendricks Law Firm as class counsel;

d.    Declare that Shelter's practice of using the CCC One Report to adjust total loss claims violates Arkansas law;

e.    Enjoin Shelter from using the CCC One Report to adjust future total loss claims in the state of Arkansas;

f.    Award her compensatory damages in an amount equal to the difference between the actual cash value of her vehicle and the amount Shelter paid;

g.    Award her punitive damages in an amount sufficient to punish Shelter for its wrongdoing and to deter others from engaging in similar wrongdoing;

h.      Award Plaintiff all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

i.      Grant Plaintiff all such further relief deemed just and appropriate.

Respectfully Submitted,

**HOLLEMAN & ASSOCIATES, P.A.**
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043

By: */s/ John Holleman*
John Holleman, ABN 91056
*jholleman@johnholleman.net*
Timothy A. Steadman, ABN 2009113
*tim@johnholleman.net*

&

Lloyd "Tre" Kitchens, ABN 99075
*tkitchens@bradhendricks.com*
**THE BRAD HENDRICKS LAW FIRM**
500 C Pleasant Valley Drive
Little Rock, AR 72227
Telephone (501) 221-0444



ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Aug-09  16:14:14
60CV-19-5722
C06D09 : 15 Pages

EXHIBIT

A

31.08.18 12:31:48 Shelter Insurance          +1 888 742-5671  Page 2/16

# AUTOMOBILE VALUATION SUMMARY
**Valid for: Arkansas Only**

☐ CANCEL VALUATION    ☐ BRANDED TITLE VALUATION
Email through CWS to valuationsupport@cccis.com

| INSURED | HUBBARD, KIMBERLEAN | DATE OF LOSS | 07/15/2016 |
|---|---|---|---|
| OWNER | KIMBERLEAN HUBBARD | REPORT DATE | 07/15/2016 |
| CLAIM NO. | AT0000001667596 | SETTLEMENT DATE | 7/26/2016 |
| VIN | 2C3CDXBG9GH205394 | REQUEST NUMBER | 81605257 |
| YEAR, MAKE, & MODEL | 2016 DODGE CHARGER SE 4DR | SETTLEMENT ADJUSTER & E-MAIL ADDRESS | Randy Felder RFelder @shelterinsurance.com |

| | ADD | DED | DOCUMENTATION | | | |
|---|---|---|---|---|---|---|
| Base Valuation | 24,906.0 | | ☒ CCC  ☐ NADA  ☐ Comparable  ☐ Older Price Guide | | | |
| | | | Comparable Located At: | | | |
| | | | TIRE TYPE: | LF | RF | LR | RR |
| Additional Considerations | | | | | | |
| Non-Factory Options | | | | | | |
| Other Pre-Tax Adjustments | | | | | | |
| | 24,906.0 | 0.00 | | | | |
| Total Additions | | 24,906.00 | | | | |
| Total Deductions | | 0.00 | | | | |
| Prior Damage | | | | | | |
| Comparable Value (Subtotal ACV) | | 24,906.00 | | | | |

### *ARKANSAS Taxes & Fees*

| | | TAX % | AMOUNT OF TAX |
|---|---|---|---|
| Comparable Value (From Above) | $24,906.00 | 6.5000% | $1,618.89 |
| TRANSFER FEE: | | | $ 1.00 |
| TITLE TRANSFER: | | | $ 10.00 |
| VALIDATION FEE: | | | $ 2.50 |
| LIEN FEE  YES / NO (IF YES, ADD .50) | | | |
| POSTAGE FEE: | | | $ 0.25 |
| CITY TAXES: | | 1.5000% | $ 37.50 |
| COUNTY TAXES: | | 1.0000% | $ 25.00 |

| AR Total Taxes & Fees | 1,695.14 | ☐ Estimate for Prior Damage Attached | ☐ Estimate Below |
|---|---|---|---|
| Gross Payment | 26,601.14 | | |
| Rebate | | | |
| Salvage Value For | | | |
| Owner Retained Salvage  ☐ Yes  ☐ No | | | |
| Determined By: | | | |
| Adjusted Settlement Amount | 26,601.14 | | |
| Addition to Settlement | | | |
| Final Settlement Amount | 26,601.14 | | |
| Deductible | 500.00 | | |
| Net to Owner | 26,101.14 | | |
| Lien Payoff | 28,058.66 | Payable to lienholder $24,906.00 | |
| Balance to Owner | -1,957.52 | | |

NOTES: (1) These taxes are to be included in all total loss settlements of $4,000 or greater with the exception of Texarkana, Arkansas.
(2) If the owner does not live within the corporate city limits of his address city, no City Sales Tax will apply.
(3) State Sales Tax – 6.500%; Texarkana – 7.000%.
(4) Texarkana Exception: 1% sales/use tax on entire amount.
(5) City Taxes: http://www.arkansas.gov/dfa/excise_tax_v2/et_su_rates_ci.html
     County Taxes: http://www.arkansas.gov/dfa/excise_tax_v2/et_su_rates_co.html

31.08.18 12:32:45 Shelter Insurance      +1 888 742-5671  Page 3/16

 **MARKET VALUATION REPORT**

*Prepared for SHELTER INSURANCE COMPANY*

 **REPORT SUMMARY**

### CLAIM INFORMATION

| | |
|---|---|
| Owner | Hubbard, Kimberlean |
| | 2521 Vancouver Dr |
| | Little Rock, AR 72204 |
| Loss Vehicle | 2016 Dodge Charger SE RWD |
| Loss Incident Date | 07/15/2016 |
| Claim Reported | 07/20/2016 |

 **INSURANCE INFORMATION**

| | |
|---|---|
| Report Reference Number | 81605257 |
| Claim Reference | AT1667596-3151630 |
| Adjuster | Felder, Randy |
| Odometer | 5,494 |
| Last Updated | 07/21/2016 01:51 PM |

 **VALUATION SUMMARY**

| | |
|---|---|
| **Base Vehicle Value** | **$ 24,906.00** |
| **Adjusted Vehicle Value** | **$ 24,906.00** |
| **Total** | **$ 24,906.00** |

The total may not represent the total of the settlement as other factors (e.g. license and fees) may need to be taken into account.

The CCC ONE® Market Valuation Report reflects CCC Information Services Inc.'s opinion as to the value of the loss vehicle, based on information provided to CCC by SHELTER INSURANCE COMPANY.

Loss vehicle has 34% fewer than average mileage of 8,300.

**BASE VEHICLE VALUE**

This is derived from comparable vehicle(s) available or recently available in the marketplace at the time of valuation, per our valuation methodology described on the next page.

**ADJUSTED VEHICLE VALUE**

This is determined by adjusting the Base Vehicle Value to account for the actual condition of the loss vehicle and certain other reported attributes, if any, such as refurbishments and after factory equipment.

**Inside the Report**

Valuation Methodology ................... 2
Vehicle Information ...................... 3
Vehicle Condition ....................... 6
Comparable Vehicles ..................... 7
Valuation Notes ........................ 10
Supplemental Information ............... 11

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

CCC□□□E  MARKET VALUATION REPORT | Owner: Hubbard, Kimberlean
                                   | Claim: AT1667598-3151630

# VALUATION METHODOLOGY

**How was the valuation determined?**



### CLAIM INSPECTION

SHELTER INSURANCE COMPANY has provided CCC with the zip code where the loss vehicle is garaged, loss vehicle VIN, mileage, equipment, as well as loss vehicle condition, which is used to assist in determining the value of the loss vehicle.



### DATABASE REVIEW

CCC maintains an extensive database of vehicles that currently are or recently were available for sale in the U.S. This database includes vehicles that CCC employees have physically inspected, as well as vehicles advertised for sale by dealerships or private parties. All of these sources are updated regularly.



### SEARCH FOR COMPARABLES

When a valuation is created the database is searched and comparable vehicles in the area are selected. On current year vehicles, new vehicles for sale at the time of the valuation are used. The zip code where the loss vehicle is garaged determines the starting point for the search. Comparable vehicles are similar to the loss vehicle based on relevant factors.



### CALCULATE BASE VEHICLE VALUE

Adjustments to the price of the selected comparable vehicles are made to reflect differences in vehicle attributes, including mileage and options. Dollar adjustments are based upon market research.

Finally, the Base Vehicle Value is the weighted average of the adjusted values of the comparable vehicles based on the following factors:

- Source of the data (such as inspected versus advertised)
- Similarity (such as equipment, mileage, and year)
- Proximity to the loss vehicle's primary garage location
- Recency of information

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

31.08.18 12:35:08 Shelter Insurance          +1 888 742-5671  Page 5/16

CCC ONE  MARKET VALUATION REPORT | Owner: Hubbard, Kimberlean
                                   | Claim: AT1667596-3151830

#  VEHICLE INFORMATION

## VEHICLE DETAILS

| | |
|---|---|
| Location | LITTLE ROCK, AR 72204 |
| VIN | 2C3CDXBG9GH205394 |
| Year | 2016 |
| Make | Dodge |
| Model | Charger |
| Trim | SE |
| Body Style | RWD |
| Body Type | Sedan |
| Engine - | |
| Cylinders | 6 |
| Displacement | 3.6L |
| Fuel Type | Gasoline |
| Carburation | Sequential MPI |
| Transmission | Automatic Transmission |
| Curb Weight | 3934 lbs |

Vehicles sold in the United States are required to have a manufacturer assigned Vehicle Identification Number (VIN). This number provides certain specifications of the vehicle.

Please review the information in the Vehicle Information Section to confirm the reported mileage and to verify that the information accurately reflects the options, additional equipment or other aspects of the loss vehicle that may impact the value.

## VEHICLE ALLOWANCES

| | |
|---|---|
| Odometer | 5,494 |
| **Options** | |
| Message Center | Not Present |
| Aluminum/Alloy Wheels | Not Present |
| 20" Or Larger Wheels | Reported |
| Rear Spoiler | Reported |

Reported* Option(s) added after initial valuation

Allowances are factors influencing the value of the loss vehicle when compared to a typical vehicle. The typical vehicle is a vehicle of the same year, make, and model as the loss vehicle, including average mileage, and all standard equipment. These allowances are displayed for illustrative purposes only.

The Base Vehicle Value is calculated from the comparable vehicles with adjustments to reflect the loss vehicle configuration

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

CCC**ONE** MARKET VALUATION REPORT | Owner: Hubbard, Kimberlean
                                    | Claim: AT1667595-3151630

 VEHICLE INFORMATION

**VEHICLE EQUIPMENT**

| | | |
|---|---|---|
| Odometer | 5,494 | |
| Transmission | Automatic Transmission | ✓ |
| Power | Power Steering | ✓ |
| | Power Brakes | ✓ |
| | Power Windows | ✓ |
| | Power Locks | ✓ |
| | Power Mirrors | ✓ |
| | Power Driver Seat | ✓ |
| | Power Trunk/Gate Release | ✓ |
| Decor/Convenience | Air Conditioning | ✓ |
| | Climate Control | ✓ |
| | Tilt Wheel | ✓ |
| | Cruise Control | ✓ |
| | Rear Defogger | ✓ |
| | Intermittent Wipers | ✓ |
| | Console/Storage | ✓ |
| | Overhead Console | ✓ |
| | Keyless Entry | ✓ |
| | Telescopic Wheel | ✓ |
| Seating | Cloth Seats | ✓ |
| | Bucket Seats | ✓ |
| | Reclining/Lounge Seats | ✓ |
| Radio | AM Radio | ✓ |
| | FM Radio | ✓ |
| | Stereo | ✓ |
| | Search/Seek | ✓ |
| | Steering Wheel Touch Controls | ✓ |
| | Auxiliary Audio Connection | ✓ |
| Wheels | 20" Or Larger Wheels | ✓ |
| Safety/Brakes | Air Bag (Driver Only) | ✓ |
| | Passenger Air Bag | ✓ |
| | Anti-lock Brakes (4) | ✓ |

To the left is the equipment of the loss vehicle that SHELTER INSURANCE COMPANY provided to CCC.

✓ Standard This equipment is included in the base configuration of the vehicle at time of purchase.

☐ Additional Equipment that is not Standard but was noted to be on the loss vehicle.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

31.08.18 12:36:52 Shelter Insurance          +1 888 742-5671   Page 7/16

**CCC ONE  MARKET VALUATION REPORT** | Owner: Hubbard, Kimberlean
Claim: AT1667598-3161630

## VEHICLE INFORMATION

**VEHICLE EQUIPMENT**

|  |  |  |
|---|---|---|
|  | 4-wheel Disc Brakes |  |
|  | Front Side Impact Air Bags |  |
|  | Head/Curtain Air Bags |  |
|  | Hands Free |  |
|  | Traction Control |  |
|  | Stability Control |  |
| Exterior/Paint/Glass | Dual Mirrors |  |
|  | Tinted Glass |  |
|  | Rear Spoiler |  |
|  | Clearcoat Paint |  |
| Other - Cars | California Emissions |  |

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

31.08.18 12:38:17 Shelter Insurance        +1 888 742-5671  Page 8/16

# CCC□□□E MARKET VALUATION REPORT

Owner: Hubbard, Kimberlean
Claim: AT1667596-3151630

 ## VEHICLE CONDITION

**COMPONENT CONDITION**

| | Condition | Inspection Notes | Value Impact |
|---|---|---|---|
| **INTERIOR** | | | |
| Seats | PRIVATE OWNER | | $ 0 |
| Carpets | PRIVATE OWNER | | $ 0 |
| Dashboard | PRIVATE OWNER | | $ 0 |
| Headliner | PRIVATE OWNER | | $ 0 |
| **EXTERIOR** | | | |
| Body | PRIVATE OWNER | | $ 0 |
| Glass | PRIVATE OWNER | | $ 0 |
| Paint | PRIVATE OWNER | | $ 0 |
| **MECHANICAL** | | | |
| Engine | PRIVATE OWNER | | $ 0 |
| Transmission | PRIVATE OWNER | | $ 0 |
| **TIRES** | | | |
| Front Tires | PRIVATE OWNER | | $ 0 |
| Rear Tires | PRIVATE OWNER | | $ 0 |

SHELTER INSURANCE COMPANY uses condition inspection guidelines to determine the condition of key components of the loss vehicle prior to the loss. The guidelines describe physical characteristics for these key components, for the condition selected based upon age. Inspection Notes reflect observations from the appraiser regarding the loss vehicle's condition.

CCC makes dollar adjustments that reflect the impact the reported condition has on the value of the loss vehicle as compared to Private Owner condition. These dollar adjustments are based upon interviews with dealerships across the United States.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

31.08.18 12:39:35 Shelter Insurance          +1 888 742-5671   Page 9/16

 CCC**ONE** MARKET VALUATION REPORT | Owner: Hubbard, Kimberlean
Claim: AT1667596-3151630

## COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 1 | Comp 2 | Comp 3 |
|---|---|---|---|---|
| Odometer | 5,494 | 5,600 | 15,147 | 15,288 |
| Automatic Transmission | ✓ | ✓ | ✓ | ✓ |
| Power Steering | ✓ | ✓ | ✓ | ✓ |
| Power Brakes | ✓ | ✓ | ✓ | ✓ |
| Power Windows | ✓ | ✓ | ✓ | ✓ |
| Power Locks | ✓ | ✓ | ✓ | ✓ |
| Power Mirrors | ✓ | ✓ | ✓ | ✓ |
| Power Driver Seat | ✓ | | ✓ | |
| Power Trunk/Gate Release | ✓ | ✓ | ✓ | |
| Air Conditioning | ✓ | ✓ | ✓ | ✓ |
| Climate Control | ✓ | | ✓ | |
| Tilt Wheel | ✓ | ✓ | ✓ | ✓ |
| Cruise Control | ✓ | ✓ | ✓ | ✓ |
| Rear Defogger | ✓ | ✓ | ✓ | ✓ |
| Intermittent Wipers | ✓ | ✓ | ✓ | ✓ |
| Console/Storage | ✓ | ✓ | ✓ | ✓ |
| Overhead Console | ✓ | ✓ | ✓ | ✓ |
| Keyless Entry | ✓ | ✓ | ✓ | ✓ |
| Telescopic Wheel | ✓ | | ✓ | ✓ |
| Message Center | ✗ | ✗ | ✓ | ✓ |
| Remote Starter | ✗ | | ✗ | ✗ |
| Cloth Seats | ✓ | ✓ | ✓ | ✓ |
| Bucket Seats | ✓ | | | |
| Reclining/Lounge Seats | ✓ | ✓ | ✓ | ✓ |
| AM Radio | ✓ | ✓ | ✓ | ✓ |
| FM Radio | ✓ | ✓ | ✓ | ✓ |
| Stereo | ✓ | ✓ | ✓ | ✓ |
| Search/Seek | ✓ | ✓ | ✓ | ✓ |
| Steering Wheel Touch Controls | ✓ | ✓ | ✓ | ✓ |
| Auxiliary Audio Connection | ✓ | ✓ | ✓ | ✓ |
| Satellite Radio | ✗ | ✓ | ✗ | ✗ |
| Aluminum/Alloy Wheels | ✗ | | ✓ | ✗ |
| 20" Or Larger Wheels | ✗ | ✗ | ✗ | ✗ |
| Drivers Side Air Bag | ✓ | ✓ | ✓ | ✓ |
| Passenger Air Bag | ✓ | ✓ | ✓ | ✓ |
| Anti-lock Brakes (4) | ✓ | ✓ | ✓ | ✓ |
| 4-wheel Disc Brakes | ✓ | ✓ | ✓ | ✓ |
| Front Side Impact Air Bags | ✓ | ✓ | ✓ | ✓ |
| Head/Curtain Air Bags | ✓ | ✓ | ✓ | ✓ |
| Parking Sensors | ✓ | ✓ | ✗ | ✓ |

**Comp 1**    Updated Date: 05/04/2016
2016 Dodge Charger Se Rwd 6 3.6l
Gasoline Sequential Mpi
VIN 2C3CDXBG7GH109053
Dealership Gwatney Chevrolet
Telephone (501) 982-2102
Source Truecar
Stock # P5846
**Distance from Little Rock, AR**
16 Miles - Jacksonville, AR
**Comp 2**    Updated Date: 06/27/2016
2016 Dodge Charger Se Rwd 6 3.6l
Gasoline Sequential Mpi
VIN 2C3CDXBGXGH103537
Dealership Crain Hyundai Of Fort Smith
Telephone (479) 424-2400
Source Truecar
Stock # BY1239
**Distance from Little Rock, AR**
123 Miles - Fort Smith, AR
**Comp 3**    Updated Date: 05/17/2016
2016 Dodge Charger Se Rwd 6 3.6l
Gasoline Sequential Mpi
VIN 2C3CDXBGXGH103857
Dealership Crain Hyundai Of Bentonville
Telephone (479) 696-0800
Source Truecar
Stock # SB1652
**Distance from Little Rock, AR**
154 Miles - Bentonville, AR

**Comparable vehicles used in the** determination of the Base Vehicle Value are not intended to be replacement vehicles but are reflective of the market value, and may no longer be available for sale.

**List Price** is the sticker price of an inspected dealer vehicle and the advertised price for the advertised vehicle.

**Distance** is based upon a straight line between loss and comparable vehicle locations.

**The Condition Adjustment** sets that comparable vehicle to Private Owner condition, which the loss vehicle is also

31.08.18 12:41:24 Shelter Insurance          +1 888 742-5671   Page 10/16

 **MARKET VALUATION REPORT**  | Owner: Hubbard, Kimberlean
| Claim: AT1687598-3151630

## COMPARABLE VEHICLES

| Options | Loss Vehicle | Comp 1 | Comp 2 | Comp 3 | compared to in the Vehicle Condition section. |
|---|---|---|---|---|---|
| Hands Free | | | | | |
| Traction Control | | | | | |
| Stability Control | | | | | |
| Dual Mirrors | | | | | |
| Tinted Glass | | | | | |
| Rear Spoiler | | | | | |
| Clearcoat Paint | | | | | |
| California Emissions | | | | | |
| | | | | | |
| **List Price** | | $ 24,495 | $ 23,995 | $ 22,995 | |
| **Adjustments:** | | | | | |
| Options | | - $ 180 | + $ 293 | + $ 293 | |
| Mileage | | + $ 45 | + $ 1,469 | + $ 1,486 | |

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

31.08.18 12:42:13 Shelter Insurance          +1 888 742-5671  Page 11/16

CCC ONE. MARKET VALUATION REPORT | Owner: Hubbard, Kimberlean
                                              | Claim: AT1667598-3151630

 COMPARABLE VEHICLES

### ADDITIONAL COMPARABLE VEHICLES

| Source | Vehicle | Price | Adjusted Comparable Value |
|--------|---------|-------|---------------------------|
| **Comp 4** | | | |
| Source: Autotrader | 2016 Dodge Charger | $ 22,299 | $ 24,775 |
| Patty Peck Honda | Se Rwd 6 3.6l Gasoline | (List) | |
| Ridgeland, MS | Sequential Mpi | | |
| (601) 957-3400 | Odometer: 20,758 | | |
| 204 Miles From Little Rock, AR | VIN: 2C3CDXBG6GH109769 | | |
| | Stock #: P11875 | | |
| | Updated Date: 07/09/2016 | | |

Additional Comparable Vehicles are in summary format, but are adjusted the same as those on the previous page.

Comparable vehicles used in the determination of the Base Vehicle Value are not intended to be replacement vehicles but are reflective of the market value, and may no longer be available for sale.

List Price is the sticker price of an inspected dealer vehicle and the advertised price for the advertised vehicle.

Distance is based upon a straight line between loss and comparable vehicle locations.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

 **MARKET VALUATION REPORT**

| Owner: Hubbard, Kimberlean
| Claim: AT1667596-3151830

## VALUATION NOTES

This Market Valuation Report has been prepared exclusively for use by SHELTER INSURANCE COMPANY, and no other person or entity is entitled to or should rely upon this Market Valuation Report and/or any of its contents. CCC is one source of vehicle valuations, and there are other valuation sources available.

Regulations concerning vehicle value include Arkansas Insurance Department Rule 43.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.          Page 10 of 14

31.08.18 12:43:31 Shelter Insurance          +1 888 742-5671  Page 13/16

## CCC⦁ONE  MARKET VALUATION REPORT

Owner: Hubbard, Kimberlean
Claim: AT1687596-3151630

# SUPPLEMENTAL INFORMATION

### EXPERIAN® AUTOCHECK® VEHICLE HISTORY REPORT

| TITLE CHECK | | RESULTS FOUND |
|---|---|---|
| Abandoned | ✓ | No Abandoned Record Found |
| Damaged | ✓ | No Damaged Record Found |
| Fire Damage | ✓ | No Fire Damage Record Found |
| Grey Market | ✓ | No Grey Market Record Found |
| Hail Damage | ✓ | No Hail Damage Record Found |
| Insurance Loss | ✓ | No Insurance Loss Record Found |
| Junk | ✓ | No Junk Record Found |
| Rebuilt | ✓ | No Rebuilt Record Found |
| Salvage | ✓ | No Salvage Record Found |

| EVENT CHECK | | RESULTS FOUND |
|---|---|---|
| NHTSA Crash Test Vehicle | ✓ | No NHTSA Crash Test Vehicle Record Found |
| Frame Damage | ✓ | No Frame Damage Record Found |
| Major Damage Incident | ✓ | No Major Damage Incident Record Found |
| Manufacturer Buyback/Lemon | ✓ | No Manufacturer Buyback/Lemon Record Found |
| Odometer Problem | ✓ | No Odometer Problem Record Found |
| Recycled | ✓ | No Recycled Record Found |
| Water Damage | ✓ | No Water Damage Record Found |
| Salvage Auction | ✓ | No Salvage Auction Record Found |

| VEHICLE INFORMATION | | RESULTS FOUND |
|---|---|---|
| Accident | ✓ | No Accident Record Found |
| Corrected Title | ✓ | No Corrected Title Record Found |
| Driver Education | ✓ | No Driver Education Record Found |
| Fire Damage Incident | ✓ | No Fire Damage Incident Record Found |
| Lease | ✓ | No Lease Record Found |
| Lien | ✓ | No Lien Record Found |
| Livery Use | ✓ | No Livery Use Record Found |
| Government Use | ✓ | No Government Use Record Found |
| Police Use | ✓ | No Police Use Record Found |
| Fleet | ✓ | No Fleet Record Found |
| Rental | ✓ | No Rental Record Found |
| Fleet and/or Rental | ✓ | No Fleet and/or Rental Record Found |
| Repossessed | ✓ | No Repossessed Record Found |
| Taxi use | ✓ | No Taxi use Record Found |
| Theft | ✓ | No Theft Record Found |
| Fleet and/or Lease | ✓ | No Fleet and/or Lease Record Found |
| Emissions Safety Inspection | ✓ | No Emissions Safety Inspection Record Found |
| Duplicate Title | ✓ | No Duplicate Title Record Found |

CCC provides SHELTER INSURANCE COMPANY information reported by Experian regarding the 2016 Dodge Charger (2C3CDXBG9GH205394). This data is provided for informational purposes. Unless otherwise noted in this Valuation Detail, CCC does not adjust the value of the loss vehicle based upon this information.

**LEGEND**
✓ No Event Found
⚡ Event Found
Information Needed

**TITLE CHECK**
THIS VEHICLE CHECKS OUT
AutoCheck's result for this loss vehicle show no significant title events. When found, events often indicate automotive damage or warnings associated with the vehicle.

**EVENT CHECK**
THIS VEHICLE CHECKS OUT
AutoCheck's result for this loss vehicle show no historical events that indicate a significant automotive problem. These problems can indicate past previous, car damage, theft, or other significant problems.

**VEHICLE INFORMATION**
THIS VEHICLE CHECKS OUT
AutoCheck's result for this loss vehicle show no vehicle information that indicate a significant automotive problem. These problems can indicate past previous, car damage, theft, or other significant problems.

**ODOMETER CHECK**
THIS VEHICLE CHECKS OUT
AutoCheck's result for this loss vehicle show no indication of odometer rollback or tampering was found. AutoCheck determines odometer rollbacks by searching for records that indicate odometer readings less than a previously reported value. Other odometer events can report events of tampering, or possible odometer breakage.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

31.08.18 12:45:36 Shelter Insurance          +1 888 742-5671  Page 14/16

# CCC̲ĒŌNE̲ MARKET VALUATION REPORT

Owner: Hubbard, Kimberlean
Claim: AT1667598-3151630

## SUPPLEMENTAL INFORMATION

 **FULL HISTORY REPORT RUN DATE: 07/21/2016**

No records were found for this vehicle in the AutoCheck database.

**AUTOCHECK TERMS AND CONDITIONS:**

Experian's Reports are compiled from multiple sources. It is not always possible for Experian to obtain complete discrepancy information on all vehicles; therefore, there may be other title brands, odometer readings or discrepancies that apply to a vehicle that are not reflected on that vehicle's Report. Experian searches data from additional sources where possible, but all discrepancies may not be reflected on the Report.

These Reports are based on information supplied to Experian by external sources believed to be reliable, BUT NO RESPONSIBILITY IS ASSUMED BY EXPERIAN OR ITS AGENTS FOR ERRORS, INACCURACIES OR OMISSIONS. THE REPORTS ARE PROVIDED STRICTLY ON AN "AS IS WHERE IS" BASIS, AND EXPERIAN FURTHER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE REGARDING THIS REPORT.

YOU AGREE TO INDEMNIFY EXPERIAN FOR ANY CLAIMS OR LOSSES, INCLUDING COSTS, EXPENSES AND ATTORNEYS FEES, INCURRED BY EXPERIAN ARISING DIRECTLY OR INDIRECTLY FROM YOUR IMPROPER OR UNAUTHORIZED USE OF AUTOCHECK VEHICLE HISTORY REPORTS.

Experian shall not be liable for any delay or failure to provide an accurate report if and to the extent which such delay or failure is caused by events beyond the reasonable control of Experian, including, without limitation, "acts of God", terrorism, or public unservice, labor disputes, equipment malfunctions, material or component shortages, supplier failures, embargoes, rationing, acts of local, state or national governments, or public agencies, utility or communication failures or delays, fire, earthquakes, flood, epidemics, riots and strikes.

These terms and the relationship between you and Experian shall be governed by the laws of the State of Illinois (USA) without regard to its conflict of law provisions. You and Experian agree to submit to the personal and exclusive jurisdiction of the courts located within the county of Cook, Illinois.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

31.08.18 12:46:34 Shelter Insurance          +1 888 742-5671  Page 15/16

CCC**ONE** MARKET VALUATION REPORT | Owner: Hubbard, Kimberleen
                                     | Claim: AT1687598-3151630

# SUPPLEMENTAL INFORMATION

 **NHTSA VEHICLE RECALL**

**NHTSA Campaign ID :** 16V043000

**Mfg's Report Date :** JAN 27, 2016

**Component :** STRUCTURE

**Potential Number Of Units Affected :** 441578

**Summary :** FCA US LLC (Chrysler) is recalling certain model year 2011-2016 Dodge Charger vehicles manufactured August 23, 2010, to January 7, 2016. When an affected vehicle is lifted using the supplied tire jack without chocking the wheels, the vehicle's body-side sill may give causing the tire jack to fail and the car to fall.

**Consequence :** A car that falls unexpectedly increases the risk of injury.

**Remedy :** Chrysler will notify owners, and dealers will provide owners with wheel chocks, free of charge. The recall began on March 21, 2016. Owners may contact Chrysler customer service at 1-800-853-1403. Chrysler's number for this recall is S03.

**Dates Of Manufacture :** AUG 22, 2010 to JAN 08, 2016

**Manufacturer Recall No. :** S03

The National Highway Traffic Safety Administration has issued 1 safety related recall notices that may apply to the above valued vehicle.

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.

31.08.18 12:47:25 Shelter Insurance          +1 888 742-5671  Page 16/16

# CCC ☐ONE  MARKET VALUATION REPORT

Owner: Hubbard, Kimberlean
Claim: AT1667596-3151630

## SUPPLEMENTAL INFORMATION

### ⬚ SETTLEMENT TRACKING

Complete this form when the file is closed.

Claim Representative Settlement
Notes:

SEND TO:     CCC INFORMATION SERVICES INC
             ATTN: SETTLEMENT TRACKING
             100 S. MAIN ST.
             SIOUX FALLS SD 57104
             FAX: 1-800-621-7070

**Settlement Data**

| | |
|---|---|
| Request Number: | 81605257 |
| Office ID: | 005813 |
| Code: | SH |
| Insured: | Hubbard, Kimberlean |
| Vehicle: | 2016 Dodge Charger SE RWD |
| Claim Reference: | AT1667596-3151630 |
| Adjuster: | Felder, Randy |
| Settlement Adjustment: | _____ |

| | Report Values | | Settlement Values |
|---|---|---|---|
| Base Valuation: | $ 24,906.00 | | _____ |
| Prior Damage: | | (-) | _____ |
| Non-Factory Options: | | (+) | _____ |
| Other Pre-Tax Adjustments: | + $ 0.00 | (+/-) | _____ |
| Adjusted Vehicle Value : | $ 24,906.00 | (+) | _____ |
| Vehicular Tax: | 0.00% _____ | (+) | _____ _____% |
| Rebates: | | (-) | _____ |
| Other Post-Tax Adjustments: | | (+/-) | _____ |
| Total: | $ 24,906.00 | (+) | _____ |
| **Final Settlement Amount:** | | | _____ |

Insured report date:  ___/___/_____          Settlement date:  ___/___/_____
                      mm  dd  yyyy                             mm  dd  yyyy

© Copyright 2016 CCC Information Services Inc. All Rights Reserved.